**E-FILED**
Thursday, 14 January, 2010  01:56:33 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | |
|---|---|
| LYNN M. SISUL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No.  08-cv-4044 |
| | ) |
| | ) |
| MICHAEL F. ASTRUE, *Commissioner of* | ) |
| *Social Security*, | ) |
| | ) |
| Defendant. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (Doc. 17).  On October 29, 2009, the Court granted, in part, Plaintiff's Motion for Summary Judgment, and remanded the matter to the Commissioner for further proceedings.  (Doc. 15). Plaintiff's attorney attests that he performed 14.8 hours of work in appealing the decision of the Commissioner to the Court, and that his fees for this work are $2,599.92.  Defendant has filed a Response, in which he notes that he does not oppose Plaintiff's request for attorney fees.  (Doc. 19).

Under the EAJA, a district court shall award attorney's fees if "1) the claimant is a 'prevailing party'; 2) the government's position was not substantially justified; 3) no 'special circumstances make an award unjust'; and 4) the fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement." <u>U.S. v. Hallmark Const. Co.</u>, 200 F.3d 1076,

1078-79 (7th Cir. 2000) (citing 28 U.S.C. § 2412(d)(1)(A), (B); Commissioner, INS v. Jean, 496 U.S. 154, 158 (1990)).  Here, Defendant does not dispute that these conditions are present.

The Court agrees that attorney's fees are proper under the EAJA.  First, Plaintiff was the "prevailing party," as she obtained a remand to the Commissioner under "sentence four" of 28 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment…reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").[1]  Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993).  Second, Plaintiff has alleged that the Commissioner's position was not "substantially justified."  The Court finds that Defendant's failure to submit evidence that his position was substantially justified is an admission that it was not.  Libas, Ltd. v. U.S., 314 F.3d 1362, 1364 (Fed. Cir. 2003).  "The burden of establishing 'that the position of the United States was substantially justified,' § 2412(d)(1)(A) indicates and courts uniformly have recognized, must be shouldered by the Government."  Scarborough v. Principi, 541 U.S. 401, 414-15 (2004) (citing Pierce v. Underwood, 487 U.S. 552, 567, 575 (1988); Davidson v. Veneman, 317 F.3d 503, 506 (5th Cir. 2003); Lauer v.

---

[1]    Plaintiff states that the Court remanded the case to the Commissioner "pursuant to the fourth sentence of 42 U.S.C. § 405(g), for payment of benefits." (Doc. 17-1 at 2).  However, the Court remanded the case "for the limited purpose of determining whether Plaintiff's absences and bathroom breaks impair her ability to work at her past relevant work, whether she can lift the weights specified in the definition of medium work or required by her past relevant work, and whether, in light of her periods of exacerbated symptoms, Plaintiff is nonetheless capable of performing her past relevant work or any other work." (Doc. 15 at 23-24).  The Court did not find that Plaintiff was necessarily entitled to benefits.

Barnhart, 321 F.3d 762, 764 (8th Cir. 2003); Libas, Ltd., 314 F.3d at 1365; H.R.Rep. No. 96-1005, at 10.  See also Hallmark Const. Co., 200 F.3d at 1079 ("the government bears the burden of proving that its position meets the substantially justified standard").  Where the government has put on no evidence or argument that its position was "substantially justified," it cannot be said that it has carried this burden.[2]  Further, no special circumstances rendering an award unjust have been identified, and the Court finds none.  Finally, Plaintiff's Motion for EAJA fees was timely filed on December 2, 2009 and was accompanied by an itemized statement.[3]

---

[2]     In addition, as found by the Court in its October 29, 2009, Opinion, the Commissioner's decision was not supported by substantial evidence, because he did not consider the evidence pursuant to the statutes and regulations.  Therefore, his position was not substantially justified.

[3]     The petition for fees under the EAJA must be filed within 30 days after the expiration of the 60-day period allowed for an appeal from the final judgment in the action.  Richmond v. Chater, 94 F.3d 263, 266 (7th Cir. 1996) (citing 28 U.S.C. §§ 2412(d)(1)(B), (2)(G); Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993))."  This language would seem to imply that the December 2, 2009, Motion was filed too early.  Plaintiff cites to Koch v. United States Dept. of Interior, in which the Tenth Circuit held that, under Shalala v. Schaefer, "a plaintiff may ask for attorney's fees even when the time for appeal has not elapsed."  47 F.3d 1015, 1021 (10th Cir. 1995) (citing Schaefer, 509 U.S. 292).
    This Court entered judgment in this action on October 30, 2009, so the time for appeal ran out on December 29, 2009.  On December 21, 2009, Defendant moved for an extension of time to respond to Plaintiff's Motion for Attorney Fees, which was granted; Defendant's Response deadline was thus extended from December 21, 2009, to January 11, 2010.  (Doc. 18; 12/21/09 Text Order).  Because of this extension, Defendant's January 8, 2010, Response, which does not oppose Plaintiff's Motion for Attorney Fees, was filed after the expiration of the appeal period.  Therefore, following the reasoning of Koch, and because the Defendant is now foreclosed from pursuing an appeal of the Court's judgment, the Court finds that the December 2, 2009 Motion for Attorney Fees was timely.

Plaintiff submits that her attorney did 14.8 hours of work in appealing the Commissioner's decision to this Court, and seeks fees for this work at the rate of $175.67 per hour, arguing that increases in the cost of living justify a higher rate than that set by statute.[4]  It is the plaintiff's burden to show that fees sought are reasonable.  Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).  Under 28 U.S.C. § 2412(d)(2)(A), the attorney-fee rate is $125 per hour, unless the Court determines that an increase in the rate is appropriate because of an increase in the cost of living.  The Seventh Circuit held in 2008 that, "given the passage of time since the establishment of the hourly rate [in 1996], a cost-of-living adjustment is warranted."  Tchemkou v. Mukasey, 517 F.3d 506, 512 (7th Cir. 2008) (approving a $161.85 rate for work done in 2006).  As noted above, Defendant challenges neither Plaintiff's claimed rate nor the time expended.  The Court finds that the increase in the cost of living justifies an hourly rate of $175.67.[5]  See McDaniel v. Astrue, 07-cv-642-SEB-TAB, 2009 WL 2762720, *2 (S.D. Ind. Aug. 25, 2009) (approving $171.53 for work done in 2008); Simms v. Astrue, 08-cv-00094-PRC2009 WL 1659809, *7 (N.D. Ind. June 12, 2009) (approving $172.38 for work done in 2008); Evans v.

---

[4]    Plaintiff calculates this rate based on cost-of-living increases, noted by the "all-items" Consumer Price Index, since the statutory rate was set.

[5]    Plaintiff claims this rate as the appropriate one for work done in 2008.  Much of the work in this case, though, was performed in 2009.  Tchemkou, 517 F.3d at 512 ("cost-of-living adjustment must be indexed to the year in which the fees are incurred") (citing Marcus v. Shalala, 17 F.3d 1033, 1040 (7th Cir.1994)).    As Plaintiff seeks fees at a 2008 rate, rather than at a combined 2008 and 2009 rate, the Court will consider the 2008 rate.  Id. (approving calculation based on 2006 rate where work performed in both 2006 and 2007).

Astrue, 07-cv-290, 2008 WL 5235993, *8 (N.D. Ind. Dec. 12, 2008) (approving $171.25 for work done in 2008).

The Court approves the majority of Plaintiff's attorney's hours spent on this case, as listed in the Itemization of Hours.   (Doc. 17-2).   However, Plaintiff's Itemization of Hours includes two entries that are not appropriately included in this case.   On May 13, 2009, her attorney apparently spent .5 hours reviewing the "Commissioner's Motion to Reverse and Remand."   The Commissioner's May 12, 2009, Motion was for Summary Affirmance, not for reversal of his decision.   In addition, on October 29, 2009, he appears to have spent .3 hours reviewing this Court's "Order granting Defendant's Unresisted Motion to Remand."   The Court's October 29, 2009 Order granted, in part, Plaintiff's Motion for Summary Judgment, and denied the Commissioner's Motion for Summary Judgment.   Therefore, the Court subtracts the time for these two activities (.8 hours), as they could not have occurred in this case.   Plaintiff is entitled to attorney's fees for 14 hours of work by her attorney at the rate of $175.67.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorney Fees under the EAJA (Doc. 17) is GRANTED.   The Court awards Plaintiff $2,459.38 in attorney's fees.   The Clerk is DIRECTED to prepare an amended judgment to this effect.

Entered this 14th day of January, 2010.

s/ Joe B. McDade
JOE BILLY McDADE
United States District Judge
